IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DONNIE WOLFE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 2:19-CV-4010 |
| ) | |
| MPW TRANSPORTATION ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO REMAND COUNT I**
**PURSUANT TO 28 USC § 1447(c)**

COMES NOW Plaintiff, Donnie Wolfe, Jr., by and through his attorneys of record, Hall Ansley, P.C., pursuant to 28 U.S.C. § 1447(c), and hereby moves this Court to remand Count I of the present case to the Circuit Court of Benton County, Missouri. In support whereof, Plaintiff states:

1. A Petition was filed in the Circuit Court of Benton County, Missouri on September 13, 2018. The Petition pled a claim alleging workers' compensation retaliation in violation of § 287.780.

2. On December 19, 2018, Plaintiff moved for leave to file a Second Amended Petition. On January 2, 2019, the Circuit Court granted Plaintiff leave to file his Second Amended Petition and showed same as filed that day.

3. The Second Amended Petition pleads claims of: 1) workers' compensation retaliation in violation of § 287.780; 2) a hostile work environment in violation of the Americans with Disabilities Act (ADA); and 3) retaliation in violation of the ADA.

4. Defendant removed all of Plaintiff's claims on the basis of federal question jurisdiction.

5. 28 U.S.C. § 1445(c) provides that "[a] civil action in any state court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States."

6. The Eighth Circuit has found claims brought pursuant to RSMo. § 287.780 arise under the workers' compensation laws of Missouri. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir. 1995) ("[i]f §1445(c) applies, a case is non-removable even if it presents a federal question or there is diversity.").

7. 28 USC § 1441(c) mandates severance and remand of the claim arising pursuant to § 287.780. It provides:

> (1) If a civil action includes—
>  (A) <u>a claim arising under the Constitution, laws, or treaties of the United States</u> (within the meaning of section 1331 of this title), and
>
>  (B) a claim not within the original or supplemental jurisdiction of the district court or <u>a claim that has been made nonremovable by statute</u>, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) <u>Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed</u>. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

8. Accordingly, Count I should be remanded to the Circuit Court of Benton County in accord with 28 U.S.C § 1441(c). *See Hearring v. Just Us of Columbia, LLC,* 2016 WL 299040, *1-2 (W.D.Mo. Jan. 25, 2016) (severing and remanding non-removable claims); *see*

*also Burris v. Zale Deleware, Inc.*, 2009 WL 3762987, *3 (W.D.Mo. Nov. 10, 2009) ("[S]everance of a non-removable claim is permissible only if the district court is exercising federal question jurisdiction.").

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and remand Count I to the Circuit Court of Benton County, Missouri, and for such other and further relief as this Court shall deem just and proper under the circumstances.

>
> HALL ANSLEY,
> A Professional Corporation
>
> By: /s/Adam P. Pihana
> ADAM P. PIHANA
> Missouri Bar Number 59540
> TIMOTHY A. RICKER
> Missouri Bar Number 62050
>
> 3275 East Ridgeview
> Springfield, MO  65808
> Telephone: 417/890-8700
> Facsimile: 417/890-8855
> Email: apihana@hallansley.com
> Email: tricker@hallansley.com
> *Attorneys for Plaintiff*